UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN HESLEP,<br>6289 Clifton Road,<br>Clifton, VA 20124<br><br>   Plaintiff,<br><br>v.<br><br>KIMBERLY A. CHEATLE, Director,<br>United States Secret Service,<br>245 Murray Ln SW - BLDG T-5,<br>Washington, DC 20223<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, Jonathan Heslep ("Plaintiff"), by and through under-signed counsel, hereby alleges as follows:

NATURE OF THE CASE

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the United States Secret Service ("Agency" or "Defendant") to fulfill the request filed on behalf of the Plaintiff for records pertaining to himself.

2. This case seeks declaratory relief that the Agency is in violation of FOIA for failing to make an initial determination in response to Plaintiff's request for records in a timely manner, and injunctive relief that the Agency immediately and fully comply with Plaintiff's request under FOIA.

1

3. This case further seeks the Plaintiff be awarded compensatory relief for the damages suffered due to the Agency's violation, as well as reasonable attorneys' fees and legal costs incurred in pursuing this litigation, pursuant to 5 U.S.C. § 552(a)(4)(E)(i).

## PARTIES

4. Plaintiff, Jonathan Heslep, is a United States citizen who resides at 6289 Clifton Road, Clifton, VA 20124.

5. Defendant, Agency, is an agency within the meaning of 5 U.S.C. § 552(f). The Agency has possession and control of the requested records and is responsible for fulfilling Plaintiff's FOIA request.

## JURISDICTION AND VENUE

6. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

8. FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

9. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

10. FOIA, 5 U.S.C. § 552(a)(6)(B), permits a 10-day extension of time to respond in certain "unusual circumstances."

11. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal but must provide written notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i).

## FACTS UNDERLYING PLAINTIFF'S CLAIM FOR RELIEF

12. On November 17, 2022, via counsel, Plaintiff submitted a FOIA request to the Agency seeking the following records:

    - All documents and communications created or received by the U.S. Secret Service (USSS), including its component agencies and Office of Inspector General (OIG), from 2006 to the present, which include "Heslep."

    - All documents and communications created or received by USSS, including its component agencies and OIG, from 2006 to the present, which include "Heslep" and "Merritt."

    - Copy of fully-executed agreement, dated on or around August 21, 2007, between Heslep and Deputy Assistant Director Michael Merritt

13. Having received no response from the Agency, Plaintiff filed an administrative appeal challenging the Agency's failure to timely respond to his FOIA request on July 10, 2023.

14. Plaintiff's counsel confirmed that the Certified Mailing containing Plaintiff's administrative appeal was delivered to the Agency on July 17, 2023.

15. As of this filing, the Agency has provided no response to Plaintiff's FOIA request or administrative appeal.

16. On information and belief, circumstances surrounding the withholding raise questions whether Agency personnel acted arbitrarily or capriciously with respect to the withholding.

17. The Agency's total failure to respond to Plaintiff's FOIA request has caused Plaintiff pain and suffering, as it unjustifiably thwarts Plaintiff's ability to oppose unjust employment actions proposed against him, damaging his career, reputation, and earning ability.

<u>PLAINTIFF'S CLAIMS FOR RELIEF</u>
COUNT 1
Failure to Produce Records Under FOIA (5 U.S.C. § 552)

20. Plaintiff repeats and realleges every allegation in the Complaint.

21. Plaintiff, through counsel, properly asked for records within the Agency's control on November 17, 2022.

22. Defendant has not provided a determination to the Plaintiff as to whether the Agency intends to respond to the Plaintiff's request.

23. Defendant has also not produced any records to Plaintiff in response to his FOIA request.

24. Though Plaintiff is not required to exhaust otherwise applicable administrative remedies with respect to Agency's failure to respond within the statutory time period, he has done so by filing an administrative appeal of the Agency's violation.

25. The Agency violated FOIA's mandate to release agency records to the public by failing to release the records Plaintiff specifically requested. 5 U.S.C. § 552(a)(3)(A), 552(a)(4)(B).

26. The Agency violated FOIA's mandate to provide Plaintiff an opportunity to limit the scope of the request so that it may be processed within a time limit or an opportunity to

arrange with Defendant an alternative time frame for processing the request or a modified request. 5 U.S.C. § 552(a)(6)(B)(ii).

27. Accordingly, Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the records requested in Plaintiff's November 17, 2022 FOIA request.

28. WHEREFORE, Plaintiff respectfully requests this Court:

   a. Declare that the Agency violated FOIA by failing to lawfully satisfy Plaintiff's November 17, 2022 FOIA request;

   b. Order the Agency to process and release immediately all records responsive to Plaintiff's November 17, 2022 FOIA request at no cost to Plaintiff;

   c. Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA request and that no agency records are wrongfully withheld;

   d. Award Plaintiff his reasonable attorney's fees and litigation costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

   e. Award Plaintiff compensatory relief for damages Plaintiff has suffered due to Defendant's violation; and

   f. Award any additional relief the Court deems just.

Dated:  July 25, 2023                                     Respectfully submitted,

                                                          /s/J. Cathryne Watson
                                                          J. Cathryne Watson
                                                          D.C. Bar No. 1032640
                                                          Alan Lescht & Associates, P.C.
                                                          1825 K Street, N.W.  Suite 750,
                                                          Washington, D.C.  20006
                                                          Phone: 202-315-1732
                                                          Fax: 202-463-6067

Cathryne.watson@leschtlaw.com

*Attorney for Plaintiff  Mr. Heslep*